```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
 2                   SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,

 4                                 Case No. 6:09-CR-64-GFVT
          PLAINTIFF,               London, Kentucky
 5                                 November 2, 2009
                                   10:59 a.m.
 6   VS.

 7
     CHRISTOPHER CRAMER,
 8

 9        DEFENDANT.

10         TRANSCRIPT OF ARRAIGNMENT PROCEEDINGS BEFORE
           HON. ROBERT E. WIER, U.S. MAGISTRATE JUDGE
11
                  * * * * * * * * *
12

13   APPEARANCES:

14
     For the Plaintiff:   Hon. Gregory A. Ousley
15                        Assistant United States Attorney
                          601 Meyers Baker Road
16                        Suite 200
                          London, Kentucky  40741
17                        (606) 864-5523

18

19
     For the Defendant:   Hon. Eric S. Edwards
20                        Edwards Law Office
                          P. O. Box 2216
21                        London, Kentucky  40743
                          (606) 862-8529
22

23

24
        Proceedings recorded by mechanical stenography,
25      transcript produced by computer.
```

SANDY C. WILDER, RMR, OFFICIAL COURT REPORTER
(859) 516-4114

```
 1                    [IN OPEN COURT]
 2                    THE COURT:  Thank you.  Good morning to
 3     everyone.  If the Clerk would call the 11:00
 4     matter, please.
 5                    MADAM CLERK:  Yes.  London Criminal 09-64,
 6     United States of America versus Christopher Cramer.
 7                    THE COURT:  Thank you.  The Court
 8     recognizes Mr. Ousley for the United States.  Good
 9     morning.
10                    MR. OUSLEY:  Good morning, Your Honor.
11     And for the record, I'm standing in for Patrick
12     Molloy.
13                    THE COURT:  Thank you, Mr. Ousley.
14     Mr. Edwards for the defendant.  Good morning,
15     Mr. Edwards.
16                    MR. EDWARDS:  Good morning, Your Honor.
17                    THE COURT:  And that's Mr. Cramer there
18     with you, I presume?
19                    MR. EDWARD:  Yes, it is, Your Honor.
20                    THE COURT:  Thank you.  Good morning,
21     Mr. Cramer.
22                    THE DEFENDANT:  Good morning, Your Honor.
23                    THE COURT:  Mr. Cramer, we're here this
24     morning for the purpose of what's known as an
25     arraignment, and that hearing occurs when the grand
```

1  jury votes to return an indictment, and that has
2  happened; there's an indictment that's been
3  returned and assigned to this division of the U.S.
4  District Court for trial.  The trial judge in your
5  case will be District Judge Van Tatenhove.
6          What I'm going to do today is go over the
7  indictment, make sure that you've received a copy
8  of it, and you understand what you're charged with,
9  as well as the possible penalties you could face,
10 if convicted.
11         I'm also going to advise you of your
12 rights as a defendant in the federal system, take
13 your initial plea, deal with your detention status
14 related to this indictment, and set the schedule
15 for the trial of the case.
16         At the outset, let me remind you that you
17 do have the right to remain silent both today and
18 throughout the entire case.  That means that at no
19 point can you be required to make a statement of
20 any kind.  If you begin to make a statement, you
21 may stop, but anything you do say can be used
22 against you by the prosecution.
23         You also have the right to the assistance
24 of an attorney.  And I have received a financial
25 affidavit that you filled out at the request of the

```
 1   probation office, and I find that you do qualify to
 2   have counsel provided to you at the expense of the
 3   government.  I understand that you have made that
 4   request, and so I will appoint Mr. Edwards, who's
 5   there with you, to represent you in this case, and
 6   the Court appreciates Mr. Edwards accepting that.
 7            Mr. Edwards, have you received a copy of
 8   the indictment in this case?
 9            MR. EDWARDS:  Yes, I have, Your Honor.
10            THE COURT:  Have you provided Mr. Cramer a
11   copy of that?
12            MR. EDWARDS:  Yes, I have.
13            THE COURT:  And have you had a sufficient
14   opportunity to go over the content of that with
15   him?
16            MR. EDWARDS:  Yes, Your Honor.
17            THE COURT:  Does his name correctly appear
18   on the face of the indictment in terms of its
19   spelling and completeness?
20            MR. EDWARDS:  Yes, it does.
21            THE COURT:  And do you request a formal
22   reading of the indictment today?
23            MR. EDWARDS:  No, Your Honor.  I would
24   waive the formal reading of the indictment and
25   enter a plea of not guilty to all counts on
```

1    Mr. Cramer's behalf.
2            THE COURT:  All right.  Thank you,
3    Mr. Edwards.
4            Mr. Cramer, I'm just going to briefly go
5    over the content of the indictment with you.  It is
6    a four-count indictment.  I'm just going to go over
7    the nature and substance of the charges, and talk
8    about the possible penalties.  It's important that
9    you remember you are presumed innocent, and so just
10   because I'm talking about the charges, and
11   particularly talking about penalties, doesn't take
12   away from that presumption of innocence at all.
13   You could only be convicted in a court of law by
14   due process of law, but I do want to make sure on
15   the record that you understand your circumstance
16   under this pending indictment.
17           The indictment contains charges under 18
18   U.S.C., Section 113.  The preliminary allegations
19   are that you were an inmate at the U.S.P. McCreary
20   facility in McCreary County, Kentucky, that J.L.C.
21   was an inmate at that facility, that U.S.P.
22   McCreary is a place within the maritime and
23   territorial jurisdiction of the United States.
24   Count 1, 2, 3, and 4 all incorporate those
25   preliminary allegations I just went over with you.

```
 1              Count 1 is an allegation under 18 U.S.C.,
 2   Section 113(a)(1), and alleges that on or about
 3   November 29, 2008, at the U.S.P. in McCreary County
 4   in this District, that you did assault inmate
 5   J.L.C. with the intent to murder him, in violation
 6   of that statute 18 U.S.C., Section 113(a)(1).  The
 7   punishment under Count 1, should you be convicted,
 8   would be not more than 20 years of imprisonment, a
 9   $250,000 fine as a maximum, and up to three years
10   of supervised release.  Supervised release is a
11   post-imprisonment term of supervision on conditions
12   imposed by the Court and administered by the U.S.
13   Probation Office.
14              Count 2 is under 18 U.S.C., Section
15   113(a)(3).  It also incorporates those preliminary
16   allegations, and charges that on November 29, 2008,
17   at U.S.P. McCreary, that you did assault inmate
18   J.L.C. with a dangerous weapon with the intent to
19   do bodily harm and without just cause or excuse, in
20   violation of Section 113(a)(3).
21              The penalty under Count 2, should you be
22   convicted, would be not more that ten years
23   imprisonment, a $250,000 fine as a maximum, and up
24   to three years of supervised release.
25              Count 3 has the same potential penalty I
```

```
 1   just went over.  It's an allegation under 18
 2   U.S.C., Section 113(a)(6), again, incorporating the
 3   preliminary allegations I went over, and
 4   specifically charging that on or about November 29,
 5   2008, at U.S.P. McCreary, that you did assault
 6   inmate J.L.C. resulting in serious bodily injury to
 7   J.L.C., in violation of Section 113(a)(6).
 8            The punishment under that count again
 9   would be not more than ten years imprisonment, a
10   $250,000 fine, and up to three years supervised
11   release.
12            Finally, Count 4 is under a different
13   statute, 18 U.S.C., Section 1791(a)(2), and it
14   charges, after again incorporating those
15   preliminary allegations, that on or about November
16   29, 2008, at U.S.P. McCreary, that you did
17   knowingly possess a prohibited object, that is, a
18   shank or homemade knife designed and intended to be
19   used as a weapon, in violation of Section
20   1791(a)(2).
21            The punishment under Count 4 would be not
22   more than five years imprisonment, a $250,000 fine,
23   and up to three years of supervised release.  Any
24   felony count of conviction would carry a mandatory
25   special assessment of $100 per count, and
```

```
 1   restitution would be mandatory for any identified
 2   victim in the case upon conviction.
 3             Mr. Cramer, having gone over the content
 4   of the indictment, do you understand what you're
 5   charged with in this case?
 6             THE DEFENDANT:  Yes, Your Honor.
 7             THE COURT:  Do you understand the
 8   potential penalties you could face?
 9             THE DEFENDANT:  Yes.
10             THE COURT:  Thank you.  All right.  Now,
11   Mr. Cramer, let me go over some of the important
12   additional rights that you have as a defendant in
13   the federal system, including the right to a speedy
14   public trial by an impartial jury.
15             You have the right to confront and
16   cross-examine or ask questions of any witnesses
17   presented against you by the government.  You have
18   the right to compel witnesses to attend in court to
19   give testimony on your behalf.  If you cannot
20   afford the cost of compelling witnesses to attend,
21   the government will bear that cost for you.  You
22   cannot at any point be compelled to present
23   incriminating evidence against yourself, and the
24   right to an attorney I've spoken of extends to
25   every critical stage of the case, including an
```

```
 1   appeal, if necessary.
 2           Mr. Cramer, do you understand those rights
 3   as I've explained them to you?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Thank you.  All right.  The
 6   schedule before Judge Van Tatenhove will be as
 7   follows:
 8           The jury trial date will be Monday,
 9   January 4, 2010, at 10:00 a.m. here in London, with
10   counsel appearing at 9:30 before Judge Van
11   Tatenhove.  I'll have a motions hearing in my court
12   for any motions requiring a hearing on Thursday,
13   December 3, 2009, at 3:00 p.m. again, here in
14   London.  Those dates and times will be reflected on
15   a scheduling order to be entered today following
16   the hearing.
17           Mr. Ousley, what's the expected trial
18   length at this stage?
19           MR. OUSLEY:  Two days, Your Honor.
20           THE COURT:  All right.  Thank you.  And,
21   Mr. Edwards, of course, you'll have input into that
22   topic, but for the time being, I'm going to
23   indicate a likely two day trial for Judge Van
24   Tatenhove's scheduling purposes.
25           Both counsel will need to be familiar with
```

1   and follow the standing pretrial and trial
2   management order that will be entered as an
3   attachment to the scheduling order in the case, and
4   governs those topics for any case assigned to Judge
5   Van Tatenhove.
6          Okay.  Turning to the issue of the
7   defendant's detention status, Mr. Ousley, what is
8   that status and what's the government's posture?
9          MR. OUSLEY:  Your Honor, it's the United
10  States' understanding that the defendant is
11  currently incarcerated and he has a release date,
12  when was it -- excuse me -- June of 2012 sometime,
13  so I believe it would be a moot issue.  If this
14  were to go that long, then the United States would
15  have no objection for the defense counsel to raise
16  that detention issue back before the Court.
17         THE COURT:  Okay.  And if the issue were
18  ripe, would the United States be seeking
19  detention?
20         MR. OUSLEY:  Yes, Your Honor.
21         THE COURT:  Okay.  Mr. Edwards?
22         MR. EDWARDS:  Judge, that's my
23  understanding as well, that -- regarding his
24  release date, so I don't believe the issue would be
25  ripe at this time.

```
1                THE COURT:  Okay.
2                MR. EDWARDS:  I'll defer.
3                THE COURT:  All right.  Very well.  The
4    United States would have the right to make a motion
5    for detention, and has indicated it would do so, if
6    not for the undischarged term, but because of that
7    undischarged term as reported by both sides, I will
8    defer consideration and detention at this time.
9                Mr. Cramer, if at any point while this
10   case is pending the only thing keeping you in
11   custody is this indictment, then your lawyer can
12   notify the Court, and I'll promptly set a detention
13   hearing, and then we'll evaluate whether you could
14   be released on bond under the pending indictment.
15   But with you having the undischarged term, that
16   means that regardless of what I would rule on that
17   issue, you would remain in custody because of that
18   term, and so we'll defer consideration and
19   detention at this time until and unless the only
20   basis for your detention is the pending
21   indictment.
22               Do you understand that, Mr. Cramer?
23               THE DEFENDANT:  Yes.
24               THE COURT:  All right.  Thank you.
25   Mr. Ousley, is the United States fulfilling any
```

1  applicable victim notification obligations under
2  the Victims Rights Statute?
3        MR. OUSLEY:  Your Honor, I spoke with
4  Mr. Molloy this morning.  He advised me that the
5  victim is also incarcerated, and that the United
6  States is complying with the Victims Rights
7  Statute.
8        THE COURT:  All right.  Thank you,
9  Mr. Ousley.
10       Is there anything additional for the
11 United States concerning Mr. Cramer?
12       MR. OUSLEY:  No, Your Honor.
13       THE COURT:  Thank you.  Mr. Edwards?
14       MR. EDWARDS:  No, Your Honor.
15       THE COURT:  All right.  Thank you both
16 counsel.  Thank you, Mr. Cramer.  That'll conclude
17 matters in his case for today.  We'll stand in
18 recess pending the next called matter.
19       [END OF PROCEEDINGS - 11:09 a.m.]
20       * * * * *
21
22
23
24
25

1      I certify that the foregoing is a correct
2  transcript from the record of proceedings in the
3  above-entitled matter.
4
5    */s/ Sandy C. Wilder*
6    SANDY C. WILDER, RMR, CRR,
7    COURT REPORTER     Date: 12/13/2010